IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**ALPHONSO T. WARD**  **PLAINTIFF**

**v.** **CIVIL ACTION NO.: 1:13-cv-547-KS-MTP**

**JOHNNIE DENMARK, ET AL.**  **DEFENDANTS**

### REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Defendants' Motion for Summary Judgment [43]. Having reviewed the parties' submissions, the record, and the applicable law, the undersigned recommends that Defendants' Motion be granted and this action be dismissed with prejudice. Additionally, because Plaintiff's claims are frivolous, the undersigned recommends that this dismissal be counted as a strike against Plaintiff pursuant to the provisions of the Prison Litigation Reform Act.

### BACKGROUND

On August 21, 2013, Plaintiff Alphonso Ward, proceeding *pro se* and *in forma pauperis*, filed his Complaint [1] pursuant to 42 U.S.C. § 1983. The allegations in Plaintiff's Complaint occurred while he was a post-conviction inmate at South Mississippi Correctional Institution ("SMCI") in Leakesville, Mississippi.[1] In his Complaint and as clarified in his testimony at the *Spears*[2] hearing, Plaintiff asserts claims against Defendants Johnnie Denmark, Joy Ross, Glenda Smith, and Lt. Herndon.

---

[1] Plaintiff is currently incarcerated at East Mississippi Correctional Facility in Meridian, Mississippi.

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

1

Plaintiff claims that Defendant Joy Ross denied him due process in connection with Rule Violation Reports ("RVRs") issued against him. Specifically, Plaintiff alleges that, after receiving an RVR, he appeared before Ross at a disciplinary hearing, during which Ross stated that she would begin issuing RVRs against Plaintiff without cause and find him guilty without evidence. Thereafter, Plaintiff received several RVRs, and at the hearings on the RVRs, Ross allegedly found him guilty based on Plaintiff's refusal to attend the hearings. Plaintiff alleges that he never refused to attend the hearings. Plaintiff claims that Ross violated prison policy by finding that he refused to attend the hearings without signatures from other officers verifying that he refused to attend the hearings. Additionally, Plaintiff claims that Ross's decision on Plaintiff's guilt should have been based on the staff reports, not on Plaintiff's absence from the hearings.

Plaintiff alleges that he informed Defendant Johnnie Denmark of Ross's comment that she would issue RVRs against Plaintiff without cause and find him guilty without evidence. Plaintiff alleges that Denmark reviewed his grievances through the Administrative Remedy Program ("ARP") but failed to properly respond to the grievances.

Plaintiff also claims that Defendant Lt. Herndon retaliated against him after he filed this action. According to Plaintiff, Herndon conducted a hearing on an RVR issued against him and stated that because Plaintiff filed suit against Ross, she is going to find Plaintiff guilty of all his RVRs.

Additionally, Plaintiff claims that Defendant Glenda Smith failed to protect him from another inmate. According to Plaintiff, Smith witnessed multiple inmates huddling together. Plaintiff allegedly requested that Smith open the zone door so that he could leave the area, but

Smith ignored his request.  Thereafter, one of the inmates from the huddle hit Plaintiff in the face with a sock filled with dominoes which resulted in a broken eye socket.

As relief, Plaintiff seeks compensatory and punitive damages in the amount of $100,000.  Plaintiff also seeks to have his custody classification changed.[3]  Defendants have moved for summary judgment, arguing that they are entitled to a judgment as a matter of law.

## SUMMARY JUDGMENT STANDARD

A motion for summary judgment will be granted only when "the record indicates that there is 'no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).  The Court must view "the evidence in the light most favorable to the nonmoving party." *Id.*  However, the nonmoving party "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'" *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).  In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

## ANALYSIS

Plaintiff's claims are before the Court pursuant to 42 U.S.C. § 1983.  Section 1983 "neither provides a general remedy for the alleged torts of state officials nor opens the federal

---

[3] Plaintiff also sought to be transferred from SMCI, but Plaintiff is no longer incarcerated at SMCI.  By Notice [54] filed on November 17, 2014, Plaintiff informed the Court that he is now housed at the East Mississippi Correctional Facility.

courthouse doors to relieve the complaints of all who suffer injury at the hands of the state or its officers." *White v. Thomas*, 660 F.2d 680, 683 (5th Cir. 1981). Rather, "[i]t affords a remedy only to those who suffer, as a result of state action, deprivation of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Id*. (quoting 42 U.S.C. § 1983). Accordingly, Plaintiff must demonstrate a genuine issue of material fact as to the following two elements: (1) the deprivation of a right secured by the Constitution or laws of the United States and (2) the deprivation was caused by a person acting under color of state law.

*Due Process*

Plaintiff's allegations against Defendants Johnnie Denmark and Joy Ross amount to claims of violations of his due process rights. "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (internal quotations omitted). In determining whether there has been a due process violation, courts consider (1) whether the party was deprived of a liberty or property interest protected by the Due Process Clause and, if so, (2) whether the party was deprived of that protected interest without constitutionally adequate process. *LaCroix v. Marshall County*, 409 Fed. App'x. 794, 803 (5th Cir. 2011).

Protected liberty interests "are generally limited to state-created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner." *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). A prisoner's liberty interest protected by the Due Process Clause is "generally limited to freedom from restraint which . . . imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). The protection afforded by the Due Process Clause does

not extend to every adverse or unpleasant condition experienced by an inmate. *Madison*, 104 F.3d at 767.

The record demonstrates that as a result of the RVRs issued against Plaintiff, he was placed in disciplinary segregation and lost privileges for periods of time. *See* Institutional Record [43-1] at 37-80. Additionally, as a result of certain RVRs, the hearing officers recommended a custody level review. *Id*. These punishments, however, do not amount to atypical and significant hardships in relation to the ordinary incidents of prison life.

A restriction in privileges or a change in classification does not implicate due process concerns. Also, "administrative segregation, without more, does not constitute a deprivation of a constitutionally cognizable liberty interest." *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995); *see also Sharp v. Anderson*, 2000 WL 960568, at *1 (5th Cir. June 15, 2000) (concluding inmate's claim that he was kept in administrative segregation for 112 days after he was found not guilty of a disciplinary charge did not implicate the protections of the Due Process Clause). This Court has previously held that reclassification, reassignment, and loss of commissary, phone, and visitation privileges do not constitute a violation of an inmate's constitutional rights. *See King v. Sims*, 2009 WL 2497154, at *5 (S.D. Miss. Aug. 14, 2009). Additionally, "[a] reduction in class or a change of custody status does not implicate a liberty interest protected by the Due Process Clause." *Kennedy v. Enler*, 2014 WL 2761556, at *2 (S.D. Miss. June 18, 2014) (citing *Malchi v. Thaler*, 211 F.3d 953, 958-59 (5th Cir. 2000); *Luken*, 71 F.3d at 193).

The punishment Plaintiff received as a result of the RVRs did not deprive him of a liberty or property interest protected by the Due Process Clause. Thus, Plaintiff has not suffered a violation of his due process rights cognizable under Section 1983, and his claim should be

dismissed as frivolous. *See Nathan v. Hancock*, 477 Fed. App'x. 197, 199 (5th Cir. 2012). Accordingly, Defendant Joy Ross is entitled to judgment as a matter of law.

Furthermore, Plaintiff's claim that Defendant Denmark failed to respond to his complaints does not give rise to a constitutional claim and should be dismissed as frivolous. *See Dehghani v. Vogelgesang*, 226 Fed. App'x. 404, 406 (5th Cir. 2007) (holding that plaintiff's allegation that warden failed to adequately investigate his grievance did not amount to a constitutional violation); *Charles v. Nance*, 186 Fed. App'x. 494, 495 (5th Cir. 2006); *Woodland v. City of Vicksburg*, 2006 WL 3375256, at *3 (S.D. Miss. Nov. 21, 2006) (holding that a claim for failure to investigate did not amount to a constitutional violation). Accordingly, Defendant Johnnie Denmark is entitled to judgment as a matter of law.

*Retaliation*

Plaintiff asserts a claim of retaliation against Defendant Lt. Herndon based on her alleged comment that she was going to find Plaintiff guilty of all his RVRs because he filed suit against Joy Ross. Indeed, filing a lawsuit is a constitutionally protected activity, and a prison official may not retaliate against an inmate for engaging in such protected activity. The constitutional protection, however, is limited to the filing of non-frivolous complaints involving the assertion of legitimate constitutional rights. *Johnson v. Rodriguez*, 110 F.3d 299, 311 (5th Cir. 1997).

An inmate does not have a constitutional right to file a frivolous complaint regarding matters that do not implicate his constitutional rights, and a frivolous complaint cannot support a Section 1983 retaliation claim. *Id*; *Brown v. Craven*, 106 Fed. App'x. 257 (5th Cir. 2004); *Keys v. Cain*, 2011 WL 6961379, at **2-3 (M.D. La. Dec. 9, 2011) (holding that a plaintiff failed to base his retaliation claim on a non-frivolous complaint because the complaint asserted a claim

for the unauthorized, intentional destruction of the plaintiff's property, a claim that does not rise to the level of a due process violation if a meaningful post-deprivation remedy for the loss is available); *Weir v. Department of Corrections*, 2011 WL 6963386, at **7-8 (M.D. La. Dec. 9, 2011) (holding that because a plaintiff's complaint regarding the unauthorized intentional taking of his property did not implicate the plaintiff's constitutional rights, it could not be the basis of a retaliation claim); *Mitchell v. Miller-Roach*, 2011 WL 2273509, at **3-4 (N.D. Tex. May 17, 2011) (holding that because a plaintiff's threatened grievance regarding an officer's order that the plaintiff clean a cell he shared with other inmates would have been frivolous, it could not be the basis of a retaliation claim); *Florence v. Crain*, 2008 WL 717559, at *4 (S.D. Tex. March 14, 2008). As previously discussed, Plaintiff's claim against Defendant Joy Ross does not implicate Plaintiff's constitutional rights. Accordingly, Plaintiff has failed to establish that he was retaliated against for the filing of a non-frivolous complaint. Notwithstanding Plaintiff's allegations against Lt. Herndon, Plaintiff has failed to allege a viable claim of retaliation.

*Failure to Protect*

Plaintiff asserts that Defendant Glenda Smith failed to protect him from harm at the hands of his fellow inmate. Under the Eighth Amendment, prison officials have a duty to protect inmates from violence by fellow inmates. *Longoria v. Texas*, 473 F.3d 586, 592 (5th Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994)). However, every injury suffered by one prisoner at the hands of another does not amount to a constitutional violation by prison officials. *Farmer*, 511 U.S. at 834. To prevail on a failure to protect claim, Plaintiff must show that "he was incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." *Jones v. Greninger*, 188

F.3d 322, 326 (5th Cir. 1999).

Deliberate indifference consists of the official being aware of both the "facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Deliberate indifference "'is an extremely high standard to meet.'" *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quoting *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)). Negligent failure to protect an inmate does not rise to the level of a constitutional violation. *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). The test for establishing deliberate indifference is "one of subjective recklessness as used in the criminal law." *Farmer*, 511 U.S. at 837.

Defendant Smith's actions and/or inactions do not rise to the level of deliberate indifference. According to Plaintiff, Smith witnessed multiple inmates huddling together and ignored Plaintiff's request to leave the area. Thereafter, one of the inmates from the huddle hit Plaintiff in the face with a sock filled with dominoes. According to Plaintiff, Smith should have separated the inmates who were huddling together and should have granted his request to leave the area.

The fact that inmates were huddled together, however, does not establish that Defendant Smith recognized the existence of a substantial risk to Plaintiff's safety. Additionally, Plaintiff's request to leave the area would not make Smith aware of an excessive risk to Plaintiff's safety. Plaintiff has not presented any evidence that Defendant Smith was aware of a threat made by the inmate who attacked Plaintiff, any prior altercation between Plaintiff and that inmate, or any written orders separating the two inmates.

Plaintiff has not identified any specific or obvious threat or danger. Plaintiff failed to

present, and the record does not contain, summary judgment evidence that Defendant Smith knew Plaintiff was under an imminent threat of harm and intentionally ignored the threat.[4] *See Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990) (holding that conclusory allegations are insufficient to establish a constitutional violation under Section 1983; such claims must be supported by specific facts). Even if Defendant Smith did not properly respond to Plaintiff's situation, "[a]ctions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do no amount to deliberate indifference . . . ." *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 379 (5th Cir. 2005). Accordingly, Defendant Glenda Smith is entitled to judgment as a matter of law.

*Qualified Immunity*

Although Defendants have raised the defense of qualified immunity, "if it becomes evident that the plaintiff has failed to state or otherwise establish a claim, then the defendant is entitled to dismissal on that basis." *Wells v. Bonner*, 45 F.3d 90, 93 (5th Cir. 1993) (citing *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991)); *see also Sappington v. Bartee*, 195 F.3d 234, 236 (5th Cir. 1999). Because Plaintiff's claims are not cognizable as constitutional claims, the Court need not address the issue of whether Defendants are entitled to qualified immunity.

## CONCLUSIONS AND RECOMMENDATIONS

Based on the foregoing, the undersigned recommends that:

---

[4] By Order [55], Plaintiff was allowed to amend his response to the Motion for Summary Judgment to include certain "Red Tags." *See* Motion [48]. In these "Red Tags," Plaintiff seeks to be kept separate from certain inmates who he believes are a threat to him. However, these "Red Tags" are dated long after this suit was filed and, therefore, do not create an issue of material fact or inference that Defendant Smith was aware of an imminent threat or danger to Plaintiff.

1. Defendants' Motion for Summary Judgment [43] be GRANTED,

2. This action be dismissed with prejudice, and

3. This dismissal be counted as a strike against Plaintiff pursuant to the provisions of the Prison Litigation Reform Act.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 21st day of January, 2015.

s/ Michael T. Parker
United States Magistrate Judge